

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff MOLLIEGMOHAN

**21SL-CC03509 - JOHN CHAU V THE CURATORS OF THE UNIVERSITY OF MISS (E-CASE)**

| Case FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**09/17/2021**  ☐ **Notice of Service**
JOHN CHAU VS THE CURATORS OF THE UNIVERSITY OF MISSOURI 21SL-CC03509; Electronic Filing Certificate of Service.

☐ **Agent Served**
Document ID - 21-SMCC-7922; Served To - THE CURATORS OF THE UNIVERSITY OF MISSOURI; Server - ; Served Date - 14-SEP-21; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**09/02/2021**  ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-7922, for THE CURATORS OF THE UNIVERSITY OF MISSOURI.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**08/19/2021**  ☐ **Summ Req-Circuit Pers Serv**
Request for Service.
   **Filed By:** DANIEL RHOADS
   **On Behalf Of:** JOHN CHAU

**08/03/2021**  ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO DFT ADDRESS MISSING. ALL DFTS MUST HAVE CORRECT ADDRESS LISTED ON PETITION FOR SUMMONS TO BE PROCESSED. PLEASE EFILE A SERVICE MEMO OR SUMMONS REQUEST FORM WITH THE DFTS ADDRESS LISTED. IF DFT IS TO BE SERVED BY ST. LOUIS COUNTY SHERIFF'S DEPARTMENT, THEN THERE IS A $36/DFT FEE. WHEN CORRECTED, PLEASE CALL CLERK, MOLLY, (314) 615-8470.

☐ **Filing Info Sheet eFiling**
   **Filed By:** DANIEL RHOADS

☐ **Pet Filed in Circuit Ct**
PETITION; EXHIBIT A; EXHIBIT B.
   **Filed By:** DANIEL RHOADS
   **On Behalf Of:** JOHN CHAU

☐ **Judge Assigned**
DIV 8

---

**EXHIBIT A**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
CIRCUIT JUDGE DIVISION
STATE OF MISSOURI

| | |
|---|---|
| JOHN CHAU, | ) |
| *Plaintiff,* | ) |
| vs. | ) Cause No. _____ |
| THE CURATORS OF THE, UNIVERSITY OF MISSOURI, | ) Division No. _____ |
| *Defendants.* | ) JURY TRIAL DEMANDED |

## PETITION

COMES NOW Plaintiff, John Chau, by and through counsel, and for his causes of action against Defendants, The Curators of the University of Missouri, pleads the following facts upon his personal knowledge and information:

### Parties

1. Plaintiff, John Chau, is an adult, male resident of the County of St. Louis, State of Missouri.

2. Mr. Chau is, and at all times relevant to this Petition was, a qualified individual with a disability.

3. Defendants, The Curators of the University of Missouri, constitute a political subdivision of the State of Missouri and a state actor.

4. Defendants own, operate, and do business as the University of Missouri-St. Louis ("UMSL"), which is a public educational institution receiving federal funds and a place of public accommodation, within the County of St. Louis, State of Missouri.

5. Defendants have an identity of interests with UMSL.

Page **1** of **8**

EXHIBIT A

Jurisdiction and Venue

6.  This Petition arises under the statutes of the State of Missouri and under the Constitution and statutes of the United States; and Plaintiff has suffered damages in excess of $25,000.

7.  Mr. Chau was first injured by the wrongful acts of Defendants in the County of St. Louis, State of Missouri.

Facts Applicable to All Counts

8.  Mr. Chau has been living with his diagnosis of Bipolar Disorder since 2003.

9.  Mr. Chau's disorder is an impairment which limits major life activity and which does not interfere with his utilization of the public accommodations at UMSL.

10. Despite his condition, Mr. Chau graduated high school and received his Bachelor's Degree from Webster University in 2010.

11. In 2018, Mr. Chau enrolled in the College of Optometry ("CoO") at USML. In his first year, his classmates elected him to be their class representative. Over his first two years, he had a G.P.A. of 3.39 and was involved in student activities.

12. In the fall of 2019, Mr. Chau experienced a manic episode ("the 2019 Episode") in which he made some uncharacteristic and unusual posts on social media, which class members viewed.

13. In connection with the 2019 Episode, Mr. Chau discussed his diagnosis with both Kasey Fraser-Smith, the CoO's Assistant Director for Student Conduct & Community Standards, and Nick Palisch, the CoO's Director of Student and Alumni Services.

14. Neither Ms. Fraser-Smith nor Dr. Palisch interacted with Mr. Chau about providing any accommodations; they merely asked him to develop a wellness plan for himself.

**EXHIBIT A**

Electronically Filed - St Louis County - August 03, 2021 - 10:23 AM

15. In the fall of 2020, Mr. Chau experienced another, similar episode. Again, classmates saw his strange but non-threatening social media posts and shared their concerns with the school.

16. Julie Dekinder, the CoO's Director of Academic Programs, called in Mr. Chau for a meeting to discuss his social-media posts.

17. As Mr. Chau was in the middle of a mental-health crisis, the meeting did not go well. He was not able or allowed to explain himself, and the situation devolved.

18. Ultimately, Mr. Chau was expelled or dismissed from UMSL.

19. UMSL's written reasons for Mr. Chau's dismissal are vague, but his hearing was focused on his social-media posts.

20. The non-threatening, off-campus social-media posts in question did not substantially disrupt the operations of the CoO and did not invade the rights of others at the CoO.

21. Due to Defendants' decision to dismiss Mr. Chau from the CoO at UMSL, Mr. Chau was deprived of educational benefits and set back in his career.

22. Defendants' conduct was discriminatory for the following reasons:

    (a) Defendants never engaged in any interactive process to develop reasonable accommodations after Mr. Chau disclosed his disability to Fraser-Smith and Palisch; and

    (b) Defendants disciplined Mr. Chau for making social media posts that were non-threatening and did not harm anyone, where it was evident that he was suffering from a mental-health crisis.

**EXHIBIT A**

23. As a direct and proximate result of Defendants' conduct, Mr. Chau was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school.

24. As a direct and proximate result of Defendants' conduct, Mr. Chau is unable to enroll in a different college of optometry, is unable to pursue a career as an optometrist, and is saddled with student debt which he is unable to repay in any reasonably timely manner.

25. As a direct and proximate result of Defendants' conduct, Mr. Chau has suffered and continues to suffer damages, including but not limited to (a) emotional pain, suffering, inconvenience, and mental anguish; (b) loss of enjoyment of life and humiliation; and (c) loss of educational benefits and opportunities.

Exhaustion of Administrative Remedies

26. On or about August 19, 2020, Plaintiff filed his Complaint of Discrimination in the Missouri Commission on Human Rights ("MCHR") against UMSL. *See* Exhibit A.

27. Defendants had notice of the MCHR Complaint, had opportunities to conciliate during its pendency, and chose instead to defend themselves to the MCHR with a position letter and a compilation of exhibits.

28. On May 5, 2021, the MCHR issued its right-to-sue-letter to Mr. Chau. *See* Exhibit B.

Count I – Violation of the Missouri Human Rights Act
Discriminatory Failure to Accommodate

29. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

30. Plaintiff has a health impairment that substantially limits one or more of his major life activities.

**EXHIBIT A**

31. In their course of conduct toward Plaintiff, as described above, Defendants failed to provide reasonable accommodations to Mr. Chau in light of his disability.

32. Defendants' treatment of Plaintiff refused, withheld from, or denied Plaintiff the accommodations, advantages, facilities, services, or privileges made available in the public school, or discriminated against Plaintiff in the use thereof on the grounds of disability.

33. Plaintiff was thereby damaged.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count I; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count II – Violation of the Missouri Human Rights Act
Disability Discrimination by a Political Subdivision

34. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

35. Plaintiff is a member of a protected group—to wit, he is a qualified individual with a disability.

36. Defendants are a political subdivision of the State.

37. UMSL is a place of public accommodation.

38. Defendants' conduct described herein constitutes discrimination in a place of public accommodation, against Plaintiff, on the basis of his disability, in violation of § 213.070.1(3) R.S. Mo.

39. Plaintiff was thereby damaged.

EXHIBIT A

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count II; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count III – § 504

40. Plaintiff incorporates the averments made above as if they were fully set forth herein.

41. Plaintiff is, and at all times relevant to this Petition was, a handicapped individual in that he has a physical or mental impairment which substantially limits one or more of his major life activities.

42. Plaintiff was otherwise qualified for participation in the program of education at UMSL, which receives federal funds.

43. Plaintiff was excluded from participating in, and was denied the benefits of, the program of education at UMSL in that he was dismissed from the CoO for non-threatening conduct which was caused by his disability.

44. By dismissing Plaintiff from UMSL for conduct caused by his disability, Defendants acted with bad faith or gross misjudgment in that their treatment of him deviated so substantially from accepted professional judgment, practice, or standards as to demonstrate that Defendants acted with wrongful intent.

45. Excluding Plaintiff from UMSL due to conduct that was caused by his disability constituted disability discrimination in violation of § 504.

46. As a direct and proximate result of such disability discrimination, Plaintiff suffered damages as specified above.

Electronically Filed - St Louis County - August 03, 2021 - 10:23 AM

EXHIBIT A

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count III, find Defendant liable for Plaintiff's damages, award Plaintiff such sum as will reasonably and fairly compensate him for all injuries that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award G.S. any additional relief that this Court deems just and proper.

### Count IV – Americans with Disabilities Act

47. Plaintiff incorporates the averments made above as if they were fully set forth herein.

48. Plaintiff, and at all times relevant to this Petition, was disabled and academically qualified to attend UMSL.

49. UMSL is a place of public accommodation.

50. Defendants' conduct described herein constitutes discrimination against Plaintiff on the basis of his disability

51. As a direct and proximate result of such disability discrimination, Plaintiff suffered damages as specified above.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count IV, find Defendant liable for Plaintiff's damages, award Plaintiff such sum as will reasonably and fairly compensate him for all injuries that he has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award Plaintiff any additional relief that this Court deems just and proper.

### Count V – Action under § 1983 of Title 42 of the U.S. Code Violation of the First Amendment

52. Plaintiff incorporates the averments made above as if they were fully set forth herein.

Electronically Filed - St Louis County - August 03, 2021 - 10:23 AM

EXHIBIT A

53. Defendants acted under color of state law when they dismissed Plaintiff from UMSL for making non-threatening, off-campus statements which had no, or *de minimis*, disruptive effect at UMSL.

54. The conduct to which Defendants subjected Plaintiff deprived him of the right under the First Amendment to the United States Constitution to the freedom of speech.

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on Count V; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that Plaintiff has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff his reasonable attorney fees, legal costs, and such additional relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED

*Daniel J. Rhoads*
Daniel J. Rhoads, 59590
**THE RHOADS FIRM, LLC**
P.O. Box 21554
St. Louis, MO 63132
Phone:  (855) 895-0997
Fax:  (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff*
*John Chau*

Electronically Filed - St Louis County - August 03, 2021 - 10:23 AM

21SL-CC03509

Missouri Commission on Human Rights
P.O. Box 1129
Jefferson City, MO 65102-1129

MCHR

| COMPLAINT OF DISCRIMINATION | ☒ ORIGINAL   ☐ AMENDED | CHARGE NUMBER P- |
|---|---|---|
| NAME John Chau | | PHONE NUMBER (314) 478-4525 |
| STREET ADDRESS 7219 Rock Spring Dr. | CITY St. Louis | STATE MO / ZIP CODE 63123 / COUNTY St. Louis County |

**INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST**

| NAME University of Missouri-St. Louis | | TELEPHONE (INCLUDE AREA CODE) (314) 516-5000 |
|---|---|---|
| STREET ADDRESS 1 University Blvd. | CITY St. Louis | STATE MO / ZIP CODE 63121 |

CHECK APPROPRIATE BOX(ES) (For Office Use Only)

☐ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin
☒ Disability   ☒ Retaliation   ☐ Ancestry   ☐ Other (Specify) _____

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR)
July 24, 2020

THE PARTICULARS ARE (IF ADDITIONAL SPACE IS NEEDED, ATTACHE EXTRA SHEET(S)

John Chau was a student in the College of Optometry ("the College") at the University of Missouri-St. Louis ("UMSL") from 2018 to 2020. Mr. Chau is disabled with a diagnosis of Bipolar Disorder. He was meeting all academic requirements and was qualified to be a student in the College. In fall 2019, Mr. Chau experienced a manic episode which came to UMSL's attention, although no discipline was warranted or imposed. At that time, Mr. Chau expressly notified UMSL's Director of Student and Alumni Services about his Bipolar Disorder diagnosis; and UMSL's Director of Student Social Services directed Mr. Chau to develop a wellness plan for himself. In spring 2020, Mr. Chau experienced another manic episode, which manifested in strange but non-threatening social media posts, which came to UMSL's attention. UMSL initiated disciplinary action against Mr. Chau, which aggravated and escalated the episode, although the need for reasonable accommodations was apparent. Ultimately, UMSL dismissed Mr. Chau from its College of Optometry due to the behaviors exhibited during the manic episode, which were clearly manifestations of his disability and were largely innocuous, at least until UMSL's response exacerbated the episode. Mr. Chau claims discrimination because (1) after receiving notice of his disability, UMSL failed to provide him with reasonable accommodations; (2) UMSL dismissed Mr. Chau as a student for conduct caused by his disability, which was non-threatening and largely non-injurious; and (3) UMSL's handling of Mr. Chau's manic episode aggravated his illness, rather than mitigating or accommodating it.

As a remedy, we seek an end to the discrimination, reinstatement of Mr. Chau as a student in UMSL's College of Optometry, and anything else the Commission deems just and proper.

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct.<br>X<br>DATE 8/18/2020<br>X<br>COMPLAINANT (signature)<br>Daniel J. Rhoads, 59590<br>Attorney for Complainant<br>The Rhoads Firm, LLC<br>3703 Watson Rd.<br>St. Louis, MO 63109 | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>August 18, 2020<br><br>SEAL AND SIGNATURE OF NOTARY PUBLIC<br>Dennis M. Stahl<br>Dennis M. Stahl<br><br>DENNIS M. STAHL<br>Notary Public – Notary Seal<br>St Louis County – State of Missouri<br>Commission Number 17373812<br>My Commission Expires Mar 31, 2021 |
|---|---|

Exhibit A

**EXHIBIT A**

# MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
## MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

John Chau
7219 Rock Spring Drive
Saint Louis, MO 63123
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE: John Chau vs. UNIVERSITY OF MISSOURI-SAINT LOUIS
P-08/20-04847

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

May 5, 2021
Date

C: additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Exhibit B

**EXHIBIT A**

Electronically Filed - St Louis County - August 19, 2021 - 11:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
CIRCUIT JUDGE DIVISION
STATE OF MISSOURI

| | |
|---|---|
| JOHN CHAU, | ) |
| *Plaintiff*, | ) Cause No.   21SL-CC03509 |
| vs. | ) Division   8 |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| *Defendants*. | ) |

## REQUEST FOR ISSUANCE OF SUMMONS

C<small>OMES</small> <small>NOW</small> Plaintiff, John Chau, by and through counsel, and hereby requests that the Circuit Clerk issue summons to the following Defendant at its principal address:

The Curators of the University of Missouri
227 University Hall
Columbia, MO 65211

W<small>HEREFORE</small>, Plaintiff respectfully requests that summons be issued as indicated above.

R<small>ESPECTFULLY SUBMITTED</small>

*/s/ Daniel J. Rhoads*
Daniel J. Rhoads, 59590
**T<small>HE</small> R<small>HOADS</small> F<small>IRM</small>, LLC**
P.O. Box 21554
St. Louis, MO 63132
Phone: (855) 895-0997
Fax:  (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff
John Chau*

Page **1** of **1**

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 21SL-CC03509 |
|---|---|
| Plaintiff/Petitioner:<br>JOHN CHAU<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL RHOADS<br>THE RHOADS FIRM LLC<br>3703 WATSON ROAD<br>ST LOUIS, MO 63109 |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** THE CURATORS OF THE UNIVERSITY OF MISSOURI
**Alias:**
**227 UNIVERSITY HALL**
**COLUMBIA, MO 65211**



*COURT SEAL OF*
*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**02-SEP-2021**
Date

_____
Clerk

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____   _____
                        Date                     Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-7922**      1      (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT A

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-7922**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT A

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-7922**     4      (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT A

# County Satellite Court Now Open in St. Ann
**Hours:  Mon-Fri   8:30 a.m. to 5:00 p.m.    FREE PARKING**

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



EXHIBIT A

21SL-CC03509



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 21SL-CC03509 |
|---|---|
| Plaintiff/Petitioner:<br>JOHN CHAU<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL RHOADS<br>THE RHOADS FIRM LLC<br>3703 WATSON ROAD<br>ST LOUIS, MO 63109 |
| Defendant/Respondent:<br>THE CURATORS OF THE UNIVERSITY OF MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: THE CURATORS OF THE UNIVERSITY OF MISSOURI
Alias:
227 UNIVERSITY HALL
COLUMBIA, MO 65211

RECEIVED
SEP 13 2021
BOONE COUNTY
SHERIFF'S OFFICE



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

02-SEP-2021
Date                                                    Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Joel Bolle (name) Atty (title).
☐ other _____.
Served at 1100 Carrie Francke, University Hall 227 (address)
in Boone (County/City of St. Louis), MO, on 9-14-21 (date) at 1020 (time).
Tony Perkins                                    Tony P--- #366
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                         Date              Notary Public

$30.00 Paid